# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY MCCORMICK, and<br>MICHELLE MCCORMICK<br><br>      Plaintiffs,<br><br>v.<br><br>THE CITY OF MCALESTER,<br>JIM BOB MILLER, AND<br>DAN TALBOT,<br><br>      Defendants. | Case No. CIV-12-062-RAW |

## ORDER

Before the court are the motion to dismiss filed by the City of McAlester (hereinafter "the City") and Dan Talbot [Docket No. 11] and the motion to dismiss filed by Jim Bob Miller [Docket No. 13]. For the reasons delineated below, the motion filed by the City and Mr. Talbot is DENIED as MOOT as to the City and DENIED as to Mr. Talbot, and the motion filed by Mr. Miller is GRANTED.

This action was filed on February 13, 2012. Also before this court is an action filed by Jerry McCormick (hereinafter "Jerry") on May 9, 2011 against the City and Pittsburg County, Oklahoma (hereinafter "the County") alleging, as Plaintiffs note in their Complaint in this action, "the same nexus of facts." Plaintiffs filed this action three days after the City filed its motion for summary judgment in the previously filed action. In their Complaint they state: "Jerry intends to request that the instant suit be consolidated with the previously filed suit and that his Complaint therein be amended to conform with the allegations and claims herein." Jerry filed a motion to consolidate in the previously filed case, CIV-11-166-RAW. The court denied that motion.

Plaintiffs state that their action arises under 42 U.S.C. §§ 1983, 1985 and 1988.  Then they list several factual allegations regarding the disputes between themselves and their neighbors.  Then under a section titled, "Legal Claims," Plaintiffs state that the Defendants violated their Fourth, Fifth, Sixth and Fourteenth Amendment rights, including, but not limited to: (1) the right to be afforded the due process of law; (2) the right to be free from an unreasonable and unjustified search and seizure of "her" person and property; (3) the right to "her" physical liberty; (4) the freedom from the use of excessive, unreasonable and unjustified force against "her" person; (5) the right to be afforded an attorney; and (6) the right to a fair trial.  Plaintiffs further allege that the City failed to train its police officers and encouraged its police officers to act unlawfully.

**MOTIONS TO DISMISS**

For purposes of the motions to dismiss, the court accepts as true all of the factual allegations in Plaintiffs' Complaint and construes those facts in the light most favorable to Plaintiffs.  See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008).  Nevertheless, to survive the motions to dismiss, Plaintiffs must have pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiffs must nudge their "claims across the line from conceivable to plausible." Id.  The Twombly court is critical of complaints that do not mention a specific time, place or person. Id. at 565 n. 10.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of

conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the complaint would fail to provide fair notice and to present a plausible right to relief.

**JIM BOB MILLER**

Mr. Miller argues that Plaintiffs have failed to state a claim, that he is entitled to absolute immunity, that Plaintiffs' claims are barred by collateral estoppel and the Rooker-Feldman doctrine, that he is entitled to qualified immunity, and that Plaintiffs' claims are barred by the statute of limitations.

Mr. Miller was a prosecutor for Pittsburg County, Oklahoma in the cases cited by Plaintiffs in their Complaint. It is well-settled that prosecutors are entitled to absolute immunity for performance of their duties. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor's absolute immunity goes beyond his actions "in initiating a prosecution and in presenting the

State's case." Buckley v. Fitzsimmons, 509 U.S 259, 272 (citing Imbler, 424 U.S. at 431). In fact, a prosecutor's duties "'in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom,' and are nonetheless entitled to absolute immunity. Id. (citing Imbler, 424 U.S. at 431).

Absolute immunity allows prosecutors to perform their duties. Without it, lawsuits against prosecutors "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper or malicious actions to the State's advocate. Imbler, 424 U.S. at 425. "The ultimate fairness of the operation of the system itself could be weakened by subjecting prosecutors to § 1983 liability." Id. at 427.

Of course, absolute immunity "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." Id. The alternative, however, "would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." Id. at 427-28. As Judge Learned Hand opined on prosecutorial immunity:

> As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.

Id. at 428 (citing Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949).

Mr. Miller is entitled to absolute immunity for his actions in performance of his duties as prosecutor. Plaintiffs argue that Mr. Miller acted as an investigator also and is not entitled to absolute immunity for those actions. "A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." Buckley, 509 U.S.

4

at 273. Nevertheless, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State are entitled to the protections of absolute immunity." Id.

Plaintiffs' Complaint did not include any claims with regard to Mr. Miller acting outside the scope of his prosecutorial duties. In paragraphs 19, 21, 23, 25, and 26 of their Complaint, Plaintiffs make allegations regarding actions in his role as a prosecutor and advocate for the County. In paragraphs 20, 29, and 30, Plaintiffs make allegations regarding Mr. Miller's history with Michelle McCormick (hereinafter "Michelle"), Mr. Miller's removal from his position as prosecutor, and other bad acts unrelated to this action.

In paragraph 22, Plaintiffs refer to Michelle's belief that Mr. Miller and the police department were working together to get Jerry fired from his job. In paragraph 28, Plaintiffs conclusively refer to "the conspiracy between Tablot, Lyles [the Chief of Police], the City and Miller." Conclusory allegations are insufficient to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009). Plaintiffs have made no allegations of investigatory conduct outside Mr. Miller's role as the County's prosecutor and advocate. Accordingly, Mr. Miller's motion to dismiss is GRANTED.

**CITY OF MCALESTER**

The City argues that Jerry's claims against it should be dismissed in accordance with the doctrine of claim-splitting. The court agrees that Jerry is precluded from bringing the same action against the City twice. In any event, Plaintiffs concede this and point out that Jerry is not bringing any claims against the City in this action. Plaintiffs state in paragraph 37 of their

Complaint that Michelle prays for damages against the City, Mr. Talbot and Mr. Miller, while Jerry prays for damages only against Mr. Talbot and Mr. Miller. Accordingly, the City's motion is DENIED as MOOT.

**DAN TALBOT**

Mr. Talbot argues that the claim-splitting doctrine precludes Jerry's claims against him as well. It is virtually axiomatic that in a lawsuit such as the one now before the court, both the municipality <u>and</u> the individual officer or officers are named as defendants. The court can only speculate as to why Mr. Talbot and Mr. Miller were not named as defendants in Jerry's first action.

"It is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" <u>Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.</u>, 296 F.3d 982, 990 (10th Cir. 2002) (citation omitted). "In particular, 'the court must [e]nsure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.'" <u>Id</u>. (citation omitted).

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." <u>Katz v. Gerardi</u>, 655 F.3d 1212, 1217 (10th Cir. 2011). "To be sure, claim splitting and res judicata both serve the same interests of promoting judicial economy and shielding parties from vexatious concurrent or duplicative litigation." <u>Id</u>. at 1218. The Tenth Circuit states: "Our precedent cannot be clearer: <u>the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it</u>

were final, would preclude the second suit." Id. (emphasis added).

The Katz court also quoted the Second Circuit: "[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Id. (citing Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). The question then is whether Plaintiffs have the right to maintain two actions on the same subject in the same court against different defendants.

In Silva v. City of New Bedford, 660 F.3d 76 (1st Cir. 2011), the First Circuit found that claim preclusion applied in separate actions against police officers and a municipality. In that case, however, the court recognized that in an earlier action the plaintiff had unsuccessfully sought to amend her complaint to add the municipality. That is not the situation here. Jerry did not seek to amend his complaint in his first action. Instead, he and his wife, Michelle, simply filed a second lawsuit, admittedly well after the deadline for amending Jerry's complaint in the first action.

Nevertheless, the court does not believe that Jerry's first action, assuming it were final, would preclude his action against Mr. Talbot. In other words, the court is not convinced that the doctrine of claim-splitting precludes a plaintiff from bringing an action based on the same nexus of facts against a different defendant. Additionally, the court agrees with Plaintiffs that the statute of limitations has not barred their claims against Mr. Talbot. Mr. Talbot's motion is DENIED. Of course, he may re-urge his arguments in a motion for summary judgment.

**CONCLUSION**

Accordingly, the motion to dismiss filed by the City and Mr. Talbot [Docket No. 11] is

hereby DENIED as MOOT as to the City and DENIED as to Mr. Talbot.  Mr. Miller's motion to dismiss [Docket No. 13] is hereby GRANTED.

       IT IS SO ORDERED this 8th day of May, 2012.

**Dated this 8th day of May, 2012.**

*[signature]*
Ronald A. White
United States District Judge
Eastern District of Oklahoma